**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH R. PEDRO, | No.    15-15417 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00492-CMK |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted December 15, 2016[**]
San Francisco, California

Before:  KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

Kenneth Pedro appeals the district court's decision upholding the denial of

his application for disability insurance benefits.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1. Substantial evidence supports the Administrative Law Judge's ("ALJ") decision to discount the medical reports from Dr. Cushman and Dr. Felix. Dr. Cushman's report relies largely on Pedro's subjective complaints. It contains limited clinical observations and the results of some short cognitive tests, none of which showed anything remarkable. Dr. Felix's report was similarly based on Pedro's subjective complaints, largely incorporated Dr. Cushman's findings, and even noted the lack of background information necessary to reach any definitive conclusions. The ALJ did not err in giving these reports minimal weight. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

2. Substantial evidence also supports the ALJ's determination that Pedro was not credible. The ALJ noted inconsistencies in Pedro's testimony, found it incredible that Pedro was not being treated for his allegedly disabling anxiety, and noted that Pedro did not show signs of anxiety at the hearing. These are all relevant considerations that the ALJ properly took into account. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination."); *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002) (listing a variety of factors an ALJ may consider in making an adverse credibility determination); *Tonapetyan*, 242 F.3d at 1148

2

(noting that an ALJ may not "rely on his own observations of the claimant at the hearing as the sole reason for rejecting the claimant's complaints," but may consider such observations as one factor).

3.     Finally, substantial evidence supports the ALJ's decision to discount the written statements from Pedro's family. "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ noted that Pedro's wife's statement was not supported by objective medical evidence and that his mother's and sister's statements were inconsistent with other evidence in the record. Although the ALJ should not have discredited Pedro's wife's statement based on their close relationship, this error was harmless in light of the ALJ's other reasons for discounting her statement. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED**.